# In the United States Court of Federal Claims

No. 16-649C

(Filed: November 28, 2016)

```
*****************************════════
                                     *
MODA HEALTH PLAN, INC.,              *
                                     *
                   Plaintiff,        *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
                   Defendant.        *
                                     *
*************************************
```

OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO STAY

On November 16, 2016, the Government moved to stay this case pending disposition of several other cases that raise similar issues. Plaintiff Moda Health Plan, Inc. ("Moda Health") opposes the Government's motion, but has consented to an extension of time until December 2, 2016, to allow the Government to file its combined reply brief in support of its motion to dismiss and in opposition to Moda Health's cross-motion for summary judgment as to liability. The Court finds that a stay is inappropriate, and the Government's motion is DENIED.

Background

This case is one of several cases that raise very similar issues under Section 1342 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18062, 45 C.F.R. § 153.510(b), and implied-in-fact contract theories. In one of these related cases, Land of Lincoln Mutual Health Insurance Co. v. United States, No. 16-744C, Judge Lettow of this Court dismissed the plaintiff's claims on November 10, 2016. The Government also notes that three more related cases will be either fully briefed or will have held oral argument by mid-December. See Health Republic Ins. Co. v. United States, No. 16-259C (Sweeney, J.); First Priority Life Ins. Co. v. United States, No. 16-587 (Wolski, J.); Blue Cross & Blue Shield of North Carolina v. United States, No. 16-651C (Griggsby, J.). The identical or related claims

among these cases, the Government argues, mean that the Court should stay this case pending resolution of the appeal in Land of Lincoln and the disposition of the three other cases with earlier briefing schedules.  Otherwise, the Government's and the Court's resources would be strained unnecessarily.

## Discussion

The Court, in exercising its inherent authority to control its docket, has broad discretion to determine whether or not a stay is appropriate.  St. Bernard Par. Gov't v. United States, 99 Fed. Cl. 765, 771 (2011) (citation omitted).  The proponent of a stay bears the burden of establishing that the stay is necessary.  Id.  When the requested stay is indefinite, the movant must show a "pressing need" for the stay, and must further show that the "balance [of] interests favoring a stay" outweighs the other party's opposing interests.  Cherokee Nation of Okla. v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997).  "Overarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it."  Id. at 1416.

Here, the Government has not demonstrated a pressing need for a stay that outweighs Moda Health's interest in litigating this case.  First, the Federal Circuit's resolution of the appeal in Land of Lincoln would certainly impact this Court's decision on the merits of this case; however, one of the main functions of an appellate court is to consider the various viewpoints of the lower courts.  It logically follows that lower courts must be free to consider similar facts and reach independent conclusions—otherwise, there would be no need for an appellate court to harmonize the law within a circuit.

Second, the three related cases with earlier briefing schedules do not provide a sufficiently pressing need for a stay.  The Government argues that a stay would promote judicial economy and conserve resources.  However, while litigating this case in addition to the other related cases would increase the Government's workload, this concern alone cannot be considered "pressing."  Furthermore, as Moda Health correctly notes, the Government was free to seek consolidation of these cases under Rules 42 and 42.1 of the Court of Federal Claims at the start of this case and did not do so.  Therefore, concerns about expending additional resources on litigation ring hollow.

Finally, the balance of interests favors Moda Health here.  Moda Health has demonstrated that it would be prejudiced if this case were stayed indefinitely.  It has already withdrawn from insurance marketplaces in several states as a result of the Government's allegedly wrongful failure to pay over $208 million in Risk Corridor payments.  See Second Decl. of James Francesconi ¶ 5, Dkt. No. 11-1 (filed Nov. 22, 2016).  Thus, legal certainty as to Moda Health's entitlement to these payments is essential to Moda Health's operations,

and delaying that certainty will negatively impact those operations. This prejudicial impact on Moda Health outweighs the Government's interest in conserving resources.

In sum, the Court finds that the Government has not demonstrated a pressing need for its requested stay, and further finds that the balance of interests weighs in favor of Moda Health. Therefore, the Government's motion to stay is DENIED.

In the alternative, the Government has requested a sixty-day extension of time in which to file its combined reply in the briefing on the parties' cross-motions. Moda Health has only consented to an extension of time until December 2, 2016. The Court finds the Government's request excessive; indeed, it is essentially a request for a stay in all but name. If this case is as identical to other similar cases as the Government claims, then it should not be particularly difficult for the Government to submit a timely reply brief. Still, in light of the uncertainty created by the Government's motion to stay and the Thanksgiving holiday, the Court finds that an additional one-week extension past Moda Health's proposed date is warranted. Therefore, it is ORDERED that the Government shall file its combined reply no later than Friday, December 9, 2016.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge